### THE HENRIETTA.

(District Court, D. New Jersey. January 23, 1899.)

SHIPPING—LIABILITY OF OWNER FOR REPAIRS—CONTRACT OF AGENT.

> The owner of a barge authorized an agent to have repairs made thereon, and the agent contracted with libelant to do the work, agreeing to pay certain wages for the skilled workmen employed. At the end of a week, libelant presented a bill for the work done to that time, in which the contract wages were charged, and which was paid without objection. *Held*, that after the work was completed the owner could not defeat collection of the remaining amount due under the contract on the ground that the agent was not authorized to pay the wages specified therein.

This was a libel in rem by Elias B. Runyon against the barge Henrietta for the amount due under a contract for repairs made thereon by libelant.

Willard P. Voorhees, for libelant.
Adrian Lyon, for claimant.

KIRKPATRICK, District Judge. The barge Henrietta was libeled in this case to recover the sum of $510.43 for work done and materials furnished in her repairs. There is no dispute between the parties as to the fact that the labor was done or that the materials were furnished; and, as to the latter, the cost as stated in the bill rendered is not disputed. The only difference between the parties arises from the price charged as wages to skilled laborers employed to do the work. It appears from the record that the barge was the property of the East River Terra-Cotta Company, of which Robert Matthews was treasurer and general superintendent, and Louis H. Timmins was his assistant in working out the practical details of the business; that the barge was in need of repairs, and that Timmins was authorized by Matthews to have them made; and that Timmins thereupon entered into an agreement with Runyon, the libel-

ant, by which he (Runyon) was to do the work, giving the use of his dock free of charge, and receiving $2.75 per day for the skilled laborers employed by him to do the work. In pursuance of this agreement the barge was sent to Runyon's dock, and the repairs made. The contention of the claimant is that, although the work was done by the libelant according to this agreement made with Timmins, the libelant cannot recover, because in making such agreement Timmins exceeded his authority, he being expressly limited to pay $2.25 per day for such laborers. This is denied by Timmins, who testifies that, so soon as he had completed the contract, he notified Matthews of the fact, and told him that the price to be paid was $2.75 per day. However this may be, it is not pretended on the part of the claimant that the instructions said to have been given to Timmins as to price of wages were made known to libelant before the work was begun, or even while it was in progress. On the other hand, it appears that on October 22d, which was at the end of the first week the barge was undergoing repairs, a bill regularly made out on the billhead of libelant, showing the amount of work done on the barge to that date, with the names and character of the workmen, and the price charged per day for each, was rendered to the claimants, and that the bill was paid. The rate charged per day on that bill for skilled workmen was that agreed upon between Timmins and Runyon. This bill unquestionably came to the notice of Matthews. Subsequently other bills with like charges were rendered and received by the employés of the company having its business in charge. No objection was made to prices charged while the work was in progress, and it was not until it was completed that Runyon was notified that Timmins had exceeded his authority in the matter of price for wages. It was the duty of the principal, so soon as it was brought to his notice that his agent had exceeded his authority, and that the workmen were expecting to receive a larger price as wages than he was willing to pay, to notify the workman of the fact, that he might, if he chose, stop work, if unwilling to continue at price the principal was willing to pay. This the claimant in this case failed to do. His excuse is that he did not carefully examine the bill presented which he paid, and that he was not, therefore, acquainted with its contents. When a bill is rendered by a contractor for work done at the request of an agent, the principal cannot shut his eyes to everything that appears upon its face, and set up ignorance of its contents. He cannot be blind to everything connected with the transaction, and then, when the work is completed, set up that the authority of the agent was limited by secret instructions. The decree in this case should be for the libelant for full amount claimed.